NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMES DAVIS, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil Action No. 08-4608 (NLH) |
| v. | : | **O P I N I O N** |
| GEORGE HAYMAN, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    JAMES DAVIS a/k/a David Edwards a/k/a/ Saynoral Andrew Jackson
    #207193
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, New Jersey 08102
    Petitioner Pro Se

**HILLMAN, District Judge:**

    On September 8, 2008, James Davis, also known as David Edwards, also known as Saynoral Andrew Jackson, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 asserting that the calculation of a January 13, 2008, maximum release date by George Hayman, Commissioner of the New Jersey Department of Corrections ("NJDOC"), violated the sentence imposed by the state sentencing court pursuant to a plea agreement. Having thoroughly reviewed Petitioner's submissions, the Court will dismiss the Petition for lack of jurisdiction because Petitioner fails to satisfy the "in custody" jurisdictional requirement, see 28 U.S.C. §§ 2241, 2254(a), and decline to issue a certificate of appealability, see 28 U.S.C. § 2253(c).

## I. BACKGROUND

Petitioner challenges the NJDOC's calculation of a maximum release date of January 13, 2008, arguing that the NJDOC violated the sentence imposed by the sentencing court, Superior Court Judge John T. McNeill, III, pursuant to a plea agreement. Petitioner asserts that, although he was ultimately released on August 8, 2007, as a result of an order issued by Judge McNeill on July 27, 2007, directing the NJDOC to immediately release him, the NJDOC nevertheless wrongfully confined him for one and one-half years beyond the date his sentence expired.

Petitioner, who is now incarcerated at Camden County Correctional Facility on an unrelated sentence, executed the Petition on September 8, 2008.[1] The Clerk received it on September 12, 2008. The Petition raises two grounds:

> GROUND ONE: The State of N.J. violated Davis' 6 and 14th Amendment rights by refusing to adhere to the terms of the plea agreement, as Davis understood it, which required Davis [to] receive credit on the . . . 1999 robbery sentence, starting August 30th, 2004, during the time Davis served in N.Y. State on an unrelated charge.
>
> GROUND TWO: N.J. Dept. of Corrections miscalculated my sentence by not crediting the 1999 sentence for the period of time Davis served in New York State, as required by the term[s] of the plea agreement as Davis understood it, thus causing Davis to be held 1.5 years beyond his max term.

(Pet. ¶ 10.a. & b.)

Attached to the Petition are copies of an opinion filed by Judge Wigenton on September 12, 2007, in a civil rights action brought by Petitioner, entitled <u>Jackson aka Davis v. Hayman</u>,

---

[1] Plaintiff avers in his affidavit supporting his request to proceed in forma pauperis that he has been incarcerated at Camden County Correctional Facility since June 19, 2008, on an unrelated charge.

2

Civil No. 07-4121 (SDW) slip op. (D.N.J. Sept. 12, 2007) [2]; a decision issued by the Appellate Division of the Superior Court of New Jersey in an appeal filed by Petitioner, entitled <u>Davis v. Dept. of Corrections</u>, Docket No. A-5023-05T3 slip op. (N.J. Super., App. Div., March 14, 2007), <u>certif. denied</u>, 192 N.J. 296 (2007) (table); and several published opinions in cases wherein Petitioner was not a party.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994). A petition must specify all the grounds for relief and set forth facts supporting each of the grounds thus specified. <u>See</u> 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland</u>, 512 U.S. at 856; <u>see also</u> 28 U.S.C. § 2243; <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000); <u>Siers v. Ryan</u>, 773 F.3d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer, and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable to § 2241 cases through Habeas Rule 1(b). <u>See also</u> 28 U.S.C. § 2243.

---

[2] In Civil No. 07-4121 (SDW), Plaintiff filed a complaint seeking damages for violation of his constitutional rights under 42 U.S.C. § 1983 by confinement in New Jersey custody for one and one-half years (until August 8, 2007) after his New Jersey prison term expired. On September 12, 2007, Judge Wigenton dismissed Petitioner's claim for damages for wrongful incarceration for time prior to July 27, 2007, but allowed the claim to proceed against certain defendants for Petitioner's wrongful incarceration from July 27, 2007, through August 8, 2007. On January 10, 2008, Judge Wigenton dismissed the complaint for failure to prosecute.

## III. DISCUSSION

A. Jurisdiction

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner is "in custody," 28 U.S.C. §§ 2241(c)(3) and 2254(a), and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The federal habeas statutes require that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91); see also Spencer v. Kemna, 523 U.S. 1 (1998). The petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, regardless of collateral consequences. See Maleng, 490 U.S. at 493 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); see also Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); United States v. Thomas, 42 F.3d at 824.

In this case, Petitioner was released from custody by the State of New Jersey on the challenged sentence on August 8, 2007. Because Petitioner did not sign the present habeas petition until September 8, 2008, 13 months after he was fully released from custody on that sentence, Petitioner was not "in custody" under the sentence under attack at the time the Petition

was filed.[3] This Court is constrained to dismiss the Petition for lack of jurisdiction because Petitioner is not "in custody" pursuant to the sentence he challenges.

B. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for lack of subject matter jurisdiction and denies a certificate of appealability.

_Noel L. Hillman_
**NOEL L. HILLMAN, U.S.D.J.**

Dated: _October 8_, 2008

At Camden, New Jersey

---

[3] As previously stated, Petitioner asserts that he is presently incarcerated at Camden County Correctional Facility on an unrelated charge.